IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERYK RADICAL,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA; METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY; OFFICER D. FAMBRO; OFFICER T. EDWARDS; and SGT. HAROLD JOHNSON<br><br>  Defendants. | Civil Action No.<br>1:19-cv-04530-VMC |

**ORDER**

This matter is before the Court on Defendant Harold Johnson's ("Sgt. Johnson") Motion to Dismiss or in the Alternative, Motion for Summary Judgement. ("Motion," Doc. 131). For the reasons below, the Court will deny the Motion.

**Background**

On October 9, 2019, Erik Radical ("Plaintiff" or "Mr. Radical") filed a Complaint against the Atlanta Police Department ("APD"), Fulton County Sheriff's Office ("FCSO"), the Metropolitan Atlanta Rapid Transit Authority ("MARTA") police department, Officer D. Fambro, Officer J. Pettaway, Officer T. Edwards, Lieutenant # 4822, and John Doe Police Officers 1-25. (collectively

"Defendants") (Doc. 1 ). Mr. Radical's claims are made under 28 U.S.C. § 1983 and Georgia law. (*Id.*). Mr. Radical amended his complaint three times since its original filing. Mr. Radical filed his first amended complaint on December 27, 2019 as a matter of right. (Doc. 20). The first amended complaint added the City of Atlanta ("the City"), Fulton County and MARTA as new Defendants, and terminated APD, FCSO, and the MARTA police department as Defendants. (*Id.*). Both Fulton County and MARTA moved to dismiss the first amended complaint. (Docs. 30 and 32). The Court (Batten, J.) granted Fulton County's motion to dismiss, and partially granted MARTA's motion to dismiss. (Doc. 57). Only the state-law claims against MARTA were allowed to proceed. (*Id.*). The Court also permitted Mr. Radical leave to file a second amended complaint. (*Id.*).

Mr. Radical filed his second amended complaint on July 20, 2020. (Doc. 63). The second amended complaint added an "Officer Eugene" as a Defendant. (*Id.*). "Officer Eugene" was purportedly an officer with the MARTA Police Department who took part in an incident with Mr. Radical on February 3, 2019. (Doc. 63 ¶ 31). A picture of "Officer Eugene" was attached to the second amended complaint. (Doc. 63-2). The discovery process began shortly after Mr. Radical filed his second amended complaint.

On December 17, 2020, MARTA served Mr. Radical with its responses to Mr. Radical's Requests for Production and Interrogatories. (Doc. 131-2). In those

interrogatory responses, MARTA identified Harold Johnson as the only MARTA officer who detained, arrested, and interacted with Mr. Radical. (*Id.* at 7). According to MARTA, this interaction occurred on or around February 3, 2019. (*Id.*).

On April 11, 2022, this case was reassigned to the undersigned. The Court subsequently directed the parties to file a joint status report. (Doc. 93). In the joint status report (Doc. 95), Mr. Radical requested a discovery extension, which the Court denied. The Court's docket order required that any dispositive motions be filed on or before June 14, 2022. Both the City Defendants and the MARTA Defendants timely moved for summary judgment. (Docs. 96 and 99).

In their motion for summary judgment, MARTA and "Officer Eugene" pointed out that they were unaware of an "Officer Eugene" but admitted that Sgt. Johnson interacted with Mr. Radical on February 3, 2019. (Doc. 99-1 at 4). In his response, Mr. Radical argued that the Court should allow him leave to amend the complaint so he could substitute "Officer Eugene" with Sgt. Johnson. (Doc. 105 at 32). The Court granted Mr. Radical leave to amend his complaint. (Doc. 119). But the order did not foreclose Sgt. Johnson from challenging whether the statute of limitations on the claims against him had run. (*Id.*). Sgt. Johnson filed the foregoing Motion on July 4, 2023. (Doc. 131).

**Discussion**

**I.     Sgt. Johnson's Motion to Dismiss**

Sgt. Johnson argues that the claims against him are time barred, and therefore should be dismissed with prejudice. (Doc. 131). Mr. Radical, on the other hand, contends that the third amended complaint correcting "Officer Eugene's" name relates back to the second amended complaint under Rule 15(c)(1)(c). (Doc. 132).

**A.     Statute of Limitations on Claims Against Sgt. Johnson**

"Federal courts apply their forum state's statute of limitations for personal injury actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). "The applicable statute of limitations for a § 1983 claim arising in Georgia is two years." *Presnell v. Paulding*, 454 F. App'x 763, 767 (11th Cir. 2011); *see* O.C.G.A. § 9-3-33 ("[A]ctions for injures to the person shall be brought within two years after the right of action accrues."). The limitations period runs "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006) (quotation marks and citation omitted).

4

There is no dispute that the incident between Sgt. Johnson and Mr. Radical occurred on February 3, 2019. Thus, the statute of limitations for claims arising from that incident expired two years later, on February 3, 2021.

**B.     Relation Back**

An amendment changing a party's name relates back to the original pleading under Rule 15(c)(1)(C)[1] if within 90 days of filing the complaint, the party to be brought in by the amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Rule 15 applies when an amended complaint is filed after the statute of limitations has run, like the situation presented before the Court here.[2]

Mr. Radical argues that Sgt. Johnson had constructive notice of the lawsuit and therefore would not be prejudiced by the amendment for two reasons: 1)

---

[1] There is no dispute that Mr. Radical's amendment arose from the conduct set out in the original pleading. (Doc. 133 at 4).

[2] "Georgia's law governing relation back is very similar to Fed.R.Civ.P. 15(c)(1), which governs relation back under federal law." *Presnell v. Paulding Cnty.*, 454 F. App'x 763, 767 (11th Cir. 2011); *see also* O.C.G.A. § 9-11-15(c).

because he is represented by the same counsel as Defendant MARTA and 2) because Sgt. Johnson is an employee of Defendant MARTA, and MARTA received notice of these claims on July 10, 2020. (*Id.*). In response, Sgt. Johnson argues that he would be prejudiced by the amendment because discovery has ended, and dispositive motions have already been filed and decided on. (Doc. 133 at 5).

Mr. Radical relies on *Lindley v. Birmingham*, 652 F. App'x 801, 804 (11th Cir. 2016) for the proposition that constructive knowledge of a lawsuit can be imputed to a misidentified defendant if the misidentified defendant and an existing defendant are represented by the same attorney.

In *Lindley*, plaintiff's original complaint named a "Nurse Frida" as a defendant, along with the city itself and several other city employees in a § 1983 lawsuit. *Id.* at 804. The city attorney investigated the incident and filed pleadings on behalf of other city employees specifically named in the original complaint. *Id.* After plaintiff corrected the misnamed defendant's name in the amended complaint, the city attorney undertook representation of that defendant. *Id.* The district court imputed notice of the lawsuit to the misnamed defendant and concluded that the amendment related back to the original complaint. *Id.* The Eleventh Circuit affirmed the district court's decision and held that the misnamed defendant "should have known that she was not named in the original complaint due to error" and thus the claims related back. *Id.*; *see also Hatton v. Sunrise Senior*

*Living Mgmt., Inc.,* No. 1:08-CV-1277-MHS, 2008 WL 11322132, at *1 (N.D. Ga. Sept. 9, 2008) (concluding that the nature of the relationship between named defendant and misnamed defendant should have put the misnamed defendant on notice that it was an intended party to the lawsuit).

Unlike the plaintiff in *Lindley*, Mr. Radical does not claim that he made a mistake in failing to timely correct Sgt. Johnson's name. The "mistake" stems from the lack of diligence by his counsel. Despite this carelessness, Mr. Radical argues that under Supreme Court precedent, whether an amendment relates back depends on what Sgt. Johnson knew or should have known, not the soundness of his error. (Doc. 132 at 15). Mr. Radical's argument has merit. In *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010), the Supreme Court held "that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."

Thus, the relevant inquiry is whether Sgt. Johnson knew or should have known that he would be named in this lawsuit during the 4(m) period for service. *Id.* at 541. The Court finds that Sgt. Johnson had constructive notice of this lawsuit. Sgt. Johnson and Defendant MARTA are represented by the same attorney, and MARTA received notice of the lawsuit during the 4(m) period. When MARTA moved for summary judgment, it sought summary judgment on behalf of "Officer

7

Eugene." In doing so, MARTA acknowledged that "MARTA Sgt. Harold Johnson lawfully interacted with Plaintiff, warned Plaintiff to stop playing his instrument for tips on MARTA property, detained Plaintiff when Plaintiff refused to comply with Officer Johnson's lawful commands and properly issued him a citation." (Doc. 99-1 at 4). Thus, there is a high likelihood that MARTA had some conversation with Sgt. Johnson about Mr. Radical's claims against him. The likelihood increases considering that Sgt. Johnson is a managing officer in the MARTA police department. In addition, Mr. Radical included a picture of "Officer Eugene" in his second amended complaint, thereby providing MARTA visual notice of the officer he intended to bring his claims against. (Doc. 63-2).

Sgt. Johnson does not contest that he knew or should have known about the lawsuit, but still claims that he is prejudiced by the amendment. Yet Sgt. Johnson offered no case law to support his proposition that the Court should consider the timeliness of Mr. Radical's motion instead of Sgt. Johnson's knowledge about the claims against him. So, the Court finds that Mr. Radical's amendment relates back because Sgt. Johnson knew or should have known "Officer Eugene" referred to him. And since "the plaintiff's diligence is not among" the requirements under Rule 15(c)(1)(C), the Court must[3] allow Mr. Radical's amendment to relate back to

---

[3] Rule 15(c) "mandates relation back once its requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. at 553.

the second amended complaint. *Krupski*, 560 U.S. 538 at 553. Sgt. Johnson's Motion to Dismiss is **DENIED**. The Court will now consider whether Sgt. Johnson is entitled to summary judgment.

## II.    Sgt. Johnson's Motion for Summary Judgment

### A.    Legal Standard

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element

of] the nonmoving party's case." *Celotex*, 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). All reasonable doubts should be resolved in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). In addition, the court must "avoid weighing conflicting evidence or making credibility determinations." *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial. *Fitzpatrick*, 2 F.3d at 1115 (citations omitted).

    **B.**    **Undisputed Facts**

The Court discussed the undisputed facts here in its previous summary judgment order. Based on the parties briefing, no additional facts have been revealed since that order. Therefore, rather than restate the facts here, the parties are directed to refer to the Court's prior summary judgment order. (Doc. 199). In addition, Sgt. Johnson failed to include "a separate, concise, numbered statement

of the material facts in which [he] contends there is no genuine issue to be tried" as required by the Local Rules of this District. *See* L.R. 56.1(B)(1), NDGa. Thus, the Court did not consider the statement of material facts incorporated into Sgt. Johnson's brief.

### C. Discussion

Sgt. Johnson argues that Mr. Radical's claims against him should be summarily dismissed because Mr. Radical has no legal right to play his trombone on MARTA's property, and Sgt. Johnson, as an officer with the MARTA police department, had legal authority to prevent him from performing. (Doc. 131-1).

In his complaint, Mr. Radical claims that Sgt. Johnson unlawfully arrested and aggressively detained him for vending without a license on February 3, 2019. (Doc. 132 at 7). Mr. Radical was ultimately charged with violating Section 106-7 of the Atlanta's Code of Ordinance (the "Passenger Stations Ordinance"). The Passenger Stations Ordinance states that:

> Any person entering any railroad, bus or rapid rail passenger station and violating its rules or obstructing the business of the authorities in charge thereof may be ordered out by the police officer in charge, and upon refusal to leave shall be arrested and tried for a violation of this section, however, those rules shall be reasonable and approved by the counsel.

Even if the initial basis for Mr. Radical's arrest concerned unlawful vending, "an arrest is lawful if the officer had probable cause to arrest for any offense, not

11

just the offense cited at the time of the arrest or booking." *D.C. v. Wesby*, 583 U.S. 48, 54 n. 2 (2018). Thus, Sgt. Johnson would be entitled to summary judgment if there is no dispute that he had probable cause to arrest Mr. Radical for violating the Passenger Stations Ordinance or any other law.[4]

The Court finds that there is an issue of material fact about whether Sgt. Johnson had probable cause to arrest Mr. Radical on February 3, 2019. First, the parties dispute where Mr. Radical was when he allegedly violated the Passenger Stations Ordinance. Sgt. Johnson claims that Mr. Radical was playing his trombone on MARTA property (Doc. 131 at 11), while Mr. Radical contends that he was not playing on MARTA property (Doc. 132 at 6). Next, there is a dispute about whether probable cause existed to arrest Mr. Radical for violating the Passenger Stations Ordinance. The Court is persuaded by Mr. Radical's interpretation of the Passenger Stations Ordinance, as it seems to apply only to people who enter MARTA's facilities, violate MARTA's rules, then refuse to leave MARTA's property. (*Id.* at 8). As stated above, it is unclear if Mr. Radical ever entered MARTA's facilities. It is also unclear if Mr. Radical violated any of MARTA's rules. Lastly, Sgt. Johnson's brief mentioned no other offense he believes gave him probable cause to arrest Mr. Radical. And because Sgt. Johnson did not raise a

---

[4] There is no dispute that Sgt. Johnson did not have probable cause to arrest Mr. Radical for vending without a license.

12

defense of qualified immunity in his Motion, the Court will not consider whether Sgt. Johnson had arguable probable cause to arrest Mr. Radical on February 3, 2019.

## Conclusion

For the reasons above, the Court **DENIES** Sgt. Johnson's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. 131). Sgt. Johnson shall file an Answer to Plaintiff's third amended complaint within fourteen (14) days following entry of this Order. The parties in this case shall have twenty-eight (28) days following entry of this Order to file their Consolidated Pretrial Order.

The trial in this case will begin on August 19, 2024. The Court will schedule a pretrial conference after the parties have submitted their Consolidated Pretrial Order.

**SO ORDERED** this 6th day of March, 2024.

_____
Victoria Marie Calvert
United States District Judge